**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER MATTHAEI, *et al.*,<br><br>Defendants. | Civil Action No. 23-1810 (MAS) (RLS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon the United States of America's (the "Government") unopposed Motion for Leave to Intervene and for a Stay. (ECF No. 11.) The Court has considered the parties' submissions and decides the motion without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons outlined below, the Government's Motion for Leave to Intervene and for a Stay is granted.

**I.    BACKGROUND**

    **A.    Factual Background**

This case is a civil enforcement action ("Civil Case") filed by Plaintiff Securities and Exchange Commission ("SEC") against individual Defendants Christopher Matthaei ("Matthaei") and Sean Wygovsky ("Wygovsky") (collectively, "Defendants") regarding a "multi-million dollar insider trading scheme orchestrated" by Matthaei and Wygovsky. (Compl. ¶ 1, ECF No. 1.)

According to the Complaint, Matthaei is a former partner at a United States broker-dealer firm (*id.*), and Wygovsky is a former trader at a Canadian Asset Management Firm (*id.*). More

specifically, between 2010 and 2022, Matthaei was a partner at a United States broker-dealer firm whose services included "market commentary concerning mergers and acquisitions of publicly traded companies, including [Special Purpose Acquisition Companies ("SPACs")]." (*Id.* ¶ 51.) Between 2013 and 2021, Wygovsky was a Canadian Asset Manager and would identify "investment opportunities in U.S. and international public equities, including SPACs, and plac[e] trade orders." (*Id.* ¶¶ 1, 56.)

From May 2020 until April 2021, Wygovsky shared material, nonpublic information ("MNPI") to Matthaei regarding SPACs.[1] (*Id.* ¶ 2.) Based on Wygovsky's tips, Matthaei purportedly purchased "at least seven SPACs ahead of merger announcements," which earned him approximately $3,427,330 in total. (*Id.* ¶ 5.) For example, in May 2022, Wygovsky shared MNPI with Matthaei about the merger between SPAC Tortoise Acquisition Corp. ("Tortoise") and Hyliion Inc. (*Id.* ¶¶ 61-65.) Then, on May 29, 2020, Matthaei placed multiple buy orders of Tortoise common stock and warrants using his personal brokerage accounts. (*Id.* ¶ 67.) On June 1, 2020, Wygovsky again shared MNPI with Matthaei about Tortoise through a phone call, and minutes later, Matthaei placed another buy order for 5,000 Tortoise shares. (*Id.* ¶¶ 69-70.) Matthaei gained $1,489,026 from his Tortoise securities transaction alone. (*Id.* ¶ 73.) After engaging in at least seven similarly styled transactions, in April 2022, Matthaei disclosed to Wygovsky that he was the subject of an unrelated securities fraud investigation by the SEC, and the two halted their insider trading scheme. (*Id.* ¶¶ 138-39.)

On July 2, 2021, Wygovsky was charged in connection with his front-running scheme in the United States District Court for the Southern District of New York ("Wygovsky's Criminal

---

[1] Wygovsky purportedly often tipped off Matthaei with MNPI through communications on the encrypted message application Telegram to avoid detection. (Compl. ¶ 4.)

Case"). (*Id.* ¶ 140.) On September 29, 2022, Wygovsky entered a guilty plea to a two-count information, charging him with securities fraud (Count One) and wire fraud (Count Two). *See United States v. Wygovsky*, No. 21-718 (S.D.N.Y. July 1, 2021). To date, Wygovsky's Criminal Case remains pending. *See id.* On March 29, 2023, Matthaei was charged in connection with the scheme in the United States District Court for the District of New Jersey ("Matthaei's Criminal Case" and together with Wygovsky's Criminal Case, the "Criminal Cases"). *See United States v. Matthaei*, No. 24-412 (D.N.J. Mar. 29, 2023). To date, Matthaei's Criminal Case also remains pending. *See id.*

B.     **Procedural Background**

On March 30, 2023, the SEC commenced this action against Defendants for violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]. (*See generally* Compl.) The Complaint seeks an order permanently restraining and enjoining Defendants from engaging in conduct in violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, disgorgement of ill-gotten gains plus prejudgment interest, penalties, and officer and director bars against Matthaei and Wygovsky. (*See generally id.*) A final judgment enjoining Wygovsky, however, was entered on June 5, 2023. (Wygovsky Judgment, ECF No. 19.) As such, this matter only remains pending as to Matthaei.

On May 26, 2023, the Government filed a Motion for Leave to Intervene and for a Stay pending the disposition of the parallel Criminal Cases against Defendants. (Pl.'s Motion to Intervene, ECF No. 11.) Neither the SEC nor Matthaei oppose the Motion.

## II.    LEGAL STANDARD

### A.    Motion to Intervene

Federal Rule of Civil Procedure[2] 24 governs motions to intervene. Intervention can be granted as of right under Rule 24(a)(2), or permissively under Rule 24(b). Fed. R. Civ. P. 24(a), (b). Rule 24(a)(2) governs intervention of right and provides, in relevant part, that:

> On a timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). As such, to intervene as a matter of right under Rule 24(a)(2), a potential intervenor must show: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *United States v. Territory of Virgin Islands*, 748 F.3d 514, 519 (3d Cir. 2014) (citation omitted). If all four elements are satisfied, the court must permit intervention. *Id.* Under Rule 24(b), the court may grant permissive leave if the intervenor: (1) acts timely; and (2) shares a claim or defense with the case. Fed. R. Civ. P. 24(b). It is within the court's inherent discretion to grant permissive intervention. *Brody v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992).

### B.    Motion to Stay

A stay is not constitutionally required when a civil action overlaps with a pending criminal proceeding, but "may be warranted in certain circumstances." *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998). "[A] stay of a civil proceeding is an

---

[2] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

extraordinary remedy and is not favored." *Forrest v. Corzine*, 757 F. Supp. 2d 473, 476 (D.N.J. 2010) (citing *Landis v. N. Am. Co.*, 229 U.S. 248, 254 (1936)). "However, a court has the discretion to stay a case if the interests of justice so require." *Id.* (citing *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)). In deciding whether to grant a stay, the Court considers:

> (1) the extent to which the issues in the criminal and civil cases overlap; (2) the status of the case, including whether the defendants have been indicted; (3) the plaintiff[']s interest in proceeding expeditiously weighed against prejudice to plaintiff caused by a delay; (4) the private interests of and burden on defendants; (5) the interests of the court; and (6) the public interest.

*Walsh*, 7 F. Supp. 2d at 527.

### III. DISCUSSION

The Government moves to intervene in the Civil Case pursuant to Rule 24(a)(2), and alternatively, Rule 24(b). (*See* Gov't's Moving Br. 7, ECF No. 11-1.) The Government argues that it should be permitted to intervene in this action "for the limited purpose of . . . protect[ing] the integrity of the ongoing prosecution" in the Criminal Cases. (*Id.* at 7.) More specifically, the Government seeks to intervene for the limited purpose of moving to stay this matter pending disposition of the Criminal Cases. (*Id.* at 7-17.)

#### A. Motion to Intervene

The Government first argues that it is entitled to intervention as of right because: (1) its Motion is timely; and (2) it has a compelling interest in the Civil Case that is not adequately represented by an existing party and that may be adversely affected in the absence of intervention. (*Id.* at 8-10.) The Court agrees.

First, the Government's motion is timely. In determining timeliness, the Third Circuit weighs three factors: "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *Mountain Top Condo. Ass'n v. Dave Stabbert Master*

5

*Builder, Inc.*, 72 F.3d 361, 369 (3d Cir. 1995) (citation omitted). Here, the Civil Case is in its early stages. The Government filed the instant Motion approximately two months after Plaintiff filed its Complaint. To date, the Government's Motion remains unopposed, strongly suggesting there would be no prejudice to Matthaei. The delay is also reasonable because the Criminal Cases would be impeded by civil discovery, as Matthaei would obtain access to material in the Civil Case that he would not otherwise be entitled to under the narrower criminal discovery rules. *See SEC v. Manor*, No. 20-597, 2020 WL 3446306, at *2 (D.N.J. June 24, 2020) (noting a stay is timely when there is a "real risk that the broad discovery parameters of civil a proceeding will jeopardize a parallel criminal prosecution").

Second, the Government has demonstrated a sufficient interest relating to the Civil Case. This is because the ongoing parallel Criminal Cases involve the same defendants, Matthaei and Wygovsky, allegedly perpetrating the same fraudulent scheme, involving the same securities, and carried out over the same time period. *See SEC v. Ott*, No. 06-4195, 2006 WL 8462454, at *2 (D.N.J. Nov. 30, 2006) (finding a sufficient interest when the conduct in the related criminal case involved "the same business practices, contracts and payments at issue" as the civil case). In other words, the issues in the Civil Case and the Criminal Cases substantially overlap. Both cases allege that Wygovsky received MNPI regarding merger negotiations involving the SPACs through his employment at the Asset Management Firm, that he shared the MNPI with Matthaei with the expectation that Matthaei would trade on and profit from that MNPI, and that Wygovsky used an encrypted messaging application to tip off Matthaei with MNPI in order to make the tips difficult to trace. (*See generally* Compl.; Indictment); *see also* Indictment, *United States v. Matthaei*, No. 24-412 (D.N.J. Mar. 29, 2023). As such, the substantial overlap demonstrates that the Government has a sufficient interest warranting intervention.

Third, the Court is satisfied that the Government has articulated a tangible threat to a legally recognized interest. An intervenor must possess a "significantly protectable" legal interest as opposed to an interest of a general and indefinite character. *Mountain Top Condo.*, 72 F.3d at 366. To show that intervention is appropriate, an intervenor must demonstrate a tangible threat to this legally recognized interest. *Id.* In this case, the Government has identified such an interest—specifically, it seeks to limit Matthaei, for purposes of Matthaei's Criminal Case, to the discovery that is available under the Federal Rules of Criminal Procedure. (Gov't's Moving Br. 2.) Given the substantial overlap between this action and the Criminal Cases, the Government has an interest in seeking to prevent the use of discovery in this action as a means to bypass the narrower scope of discovery in the Criminal Cases. *Manor*, 2020 WL 3446306, at *2 (quoting *SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988)); *see also United States v. Mellon Bank, N.A.*, 545 F.2d 869, 873 (3d Cir. 1976) (finding that the district court did not abuse its discretion in staying the civil action because there was a possibility that the defendant may exploit civil discovery to advance his criminal case due to the substantial overlap in the civil matter and the criminal case).

Fourth and finally, the Government's interest is not adequately represented by the existing parties to this litigation. The discovery efforts in this action have the possibility of conflicting with the Government's ongoing criminal prosecution. The parties to the civil action might very well seek discovery that would bear on the Government's investigation and prosecution, as well as Matthaei's ability to defend himself in his criminal case. A salient example is if the SEC seeks to depose Matthaei concerning the fraud and misrepresentation allegations. Those deposition questions would almost certainly implicate Matthaei's Fifth Amendment rights. Further, if the Court does not stay discovery, as previously articulated, Matthaei may be able to obtain discovery from the Government that he is not otherwise entitled to at this point in the criminal litigation. *See*

*SEC v. Chestman*, 861 F.2d at 50 (recognizing that "[t]he government ha[s] a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the [parallel] criminal matter"). Thus, this factor also weighs in favor of the Government's Motion to Intervene. *See Manor*, 2020 WL 3446306, at *2 (finding the government's interests not adequately represented when the parties in the civil action had distinct and conflicting interests); *SEC v. Berman*, No. 20-10658, 2021 WL 2895148, at *2 (S.D.N.Y. June 8, 2021) ("[T]he parties to this civil litigation do not represent the [g]overnment's interest with respect to the investigation and enforcement of federal criminal statutes.").

For these reasons, the Court finds that the Government has met its burden for intervention as of right under Rule 24(a)(2).[3] Accordingly, the Court grants the Government's Motion to Intervene in this action.

### B. Motion to Stay

Having granted the Government's Motion to Intervene, the Court turns to its Motion to Stay. The Government argues that this Court should stay the Civil Case based upon a balancing of the *Walsh* factors. (Gov't's Moving Br. 12.) The Court agrees.

#### 1. Extent of Overlap in the Criminal Cases and Civil Case

The first factor is the extent of overlap between the Criminal Cases and the Civil Case. The extent to which the criminal and civil cases overlap is the most important threshold issue in considering whether to grant a stay. *Walsh*, 7 F. Supp. 2d at 527. Courts ordinarily grant a stay of discovery pending resolution of a parallel criminal matter when both the civil and criminal cases

---

[3] Because the Court finds that the Government met its burden in establishing intervention as of right, the Court need not reach its argument as it pertains to permissive intervention. But, even if the Court did, the Court finds that the Government has met its burden of establishing permissive intervention.

stem from the same or interrelated events. *Ott*, 2006 WL 8462454, at *3. As previously articulated, the Criminal Cases and the Civil Case involve the same fraudulent scheme involving the same parties during the same time period. The Criminal Cases and the Civil Case are, therefore, likely to include the same, or at least overlapping, witnesses and documents. *United States v. All Articles of Other-Sonic Gneric Ultrasound Transmission Gel*, No. 12-2264, 2013 WL 1285413, at *2 (D.N.J. Mar. 27, 2013) (finding overlap in parallel criminal and civil proceedings because the same conduct was relevant to both cases, and it was likely they would share common witnesses and documents). As such, the Court finds the first factor weighs in favor of a stay.

        2.     ***Status of Parallel Criminal Cases***

The second factor is the status of the parallel Criminal Cases. Courts generally find that the most compelling consideration for granting a stay in a civil case is whether a grand jury has returned an indictment because that is when there is the greatest potential for self-incrimination. *See Walsh*, 7 F. Supp. 2d at 527. Here, because Matthaei has been indicted in the parallel criminal proceedings, the Court finds that this factor supports a stay of this action. *See id.* ("The strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned.") (quoting Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (1989)).

        3.     ***Prejudice to Plaintiff***

The third factor is the plaintiff's interest in proceeding weighed against the prejudice to that plaintiff caused by a delay. Here, the SEC has not filed an opposition or response to the Government's motion for a stay and thus has not argued that it will be prejudiced by staying the Civil Case. This factor, therefore, weighs in favor of granting a stay. *See SEC v. Fishoff*, No. 15-3725, 2016 WL 1262508, at *4 (D.N.J. Mar. 31, 2016).

### 4.   *Prejudice to Defendant*

As to the fourth factor—defendant's private interest and potential burden on defendant. Here, the Court agrees with the Government that the SEC's interest in proceeding expeditiously and the minimal burden on Matthaei weigh in favor of a stay. (Gov't's Moving Br. at 16-17); *see also Walsh*, 7 F. Supp. 2d at 527 (noting that factors considered in deciding whether to grant a stay include "the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay" and "the private interest of and burden on defendants"). The Government has a significant interest in an "unimpeded criminal prosecution." *Manor*, 2020 WL 3446306, at *2. There is no indication here that a stay will burden Matthaei because the Government's Motion is unopposed.

### 5.   *Interests of the Court*

The fifth factor is whether it is in the Court's best interest to stay the Civil Case. Here, the Court finds that it is in its best interest to stay the Civil Case to avoid issuing rulings that would either complicate or conflict with the prosecution of the Criminal Cases. *See Frantatoro v. Grabato*, No. 23-53, 2023 WL 5605669, at *6 (D.N.J. Aug. 30, 2023) (staying a securities class action because "there is the chance for duplicative efforts and conflicting rulings" concerning the related criminal proceedings). As such, the fifth factor weighs in favor of a stay.

### 6.   *Public Interests*

The final factor is whether it is in the public interest to grant the stay. Here, the Court finds that "the public has a greater interest in the Government's ability to enforce and investigate criminal activity," and this interest "supersedes a civil litigant's interest in a timely resolution of their civil claims." *Frantatoro*, 2023 WL 5605669, at *6; *see Taylor v. Ortiz*, No. 21-19445, 2023 WL 5321056, at *3 (D.N.J. Aug. 18, 2023) (holding the imposition of a stay in a civil case "may

well benefit the public by ensuring that the [related] criminal proceedings are not impacted by the effects of ongoing, broad civil discovery on related matters"). Further, the Court agrees with the Government that a stay also benefits the public interest by narrowing or eliminating the remaining civil issues. (Gov't's Moving Br. 17); *see Manor*, 2020 WL 3446306, at *2 (A stay "may promote judicial economy by narrowing, simplifying, or even eliminating issues."). The outcome of the Criminal Cases will narrow or eliminate issues in this matter. As such, the Court finds that the sixth factor weighs in favor of a stay.

Having balanced the above factors, the Court finds that the six *Walsh* factors favor the Government. The Court, therefore, grants the Government's Motion to Stay the Civil Case until the conclusion of the Criminal Cases.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, the Government's Motion for Leave to Intervene and for a Stay is granted. The Court will issue an Order consistent with this Memorandum Opinion.

*[signature]*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE